IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------------------------------------------

STEPHANIE ZUEHLKE,

                                                                                                   ORDER

                         Plaintiff,

                                                                                                  09-cv-686-slc

      v.

TOWN OF LA POINTE;

                        Defendant.
--------------------------------------------------------------------------------------------------

      Plaintiff Stephanie Zuehlke has paid the fee for filing this civil action in which she contends that defendant wrongfully terminated her employment. The next step is for plaintiff to serve her complaint on the defendant. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendants. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving her case to resolution. If plaintiff acts promptly, she should be able to serve her complaint on the defendant well before the deadline for doing so established in Rule 4.

      To guide plaintiff in the procedure for serving a complaint on a municipality, I am enclosing copies of Fed. R. Civ. P. 4 and Wis. Stat. § 801.11(4). (Plaintiff should note particularly Rules 4 (c), (j)(2) and (l). In addition, I am enclosing to plaintiff a summons form and an extra copy of her complaint for service on the defendant. Plaintiff should note that proof of service must be filed with the court after service has been accomplished. The back of the summons form provides space in which the person serving the defendant can attest to the time, place and manner in which service of process was made.

At the time plaintiff filed her case, she also submitted two motions for appointment of counsel. In determining whether to appoint counsel, I must find first that plaintiff has made reasonable efforts to find a lawyer on her own and has been unsuccessful or that she has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). To prove that she has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who she asked to represent her in this case and who turned her down. Plaintiff has not met this prerequisite. Moreover, even if the motion had been submitted properly, it is premature. Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654, 655 (7th Cir. 2007). It is far too early to make that determination in this case.

One final matter bears comment. Plaintiff paid the fee for filing this lawsuit. There has been no finding that she is indigent and, therefore, eligible for appointed counsel. If plaintiff were to renew her request for appointed counsel at a later time, she will have to submit a renewed affidavit of indigency so that the court can satisfy itself that she qualifies financially for appointed counsel. Accordingly, I will deny her motions without prejudice to her refiling them at a later date.

ORDER

IT IS ORDERED that plaintiff's motions for appointment of counsel, dkt. ## 3 and 4

2

are DENIED.

Further, IT IS ORDERED that plaintiff promptly serve her complaint on the defendant and file proof of service of her complaint as soon as service has been accomplished. If, by February 13, 2010, plaintiff fails to submit proof of service of her complaint on the defendant or explain her inability to do so, I will direct plaintiff to show cause why her case should not be dismissed for lack of prosecution.

Entered this 10th day of December, 2009.

> BY THE COURT:
>
> /s/
>
> STEPHEN L. CROCKER
> Magistrate Judge