IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHANIE ZUEHLKE,

                                                                ORDER
                         Plaintiff,

                                                      09-cv-686-slc[1]
              v.

TOWN OF LA POINTE,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order entered in this case on December 10, 2009, the magistrate judge advised

plaintiff on the procedures for serving her complaint on the defendant and provided the

necessary forms needed to accomplish service.  Plaintiff was to submit proof of service or

explain to the court her inability to do so by February 13, 2010.  Additionally, the

magistrate judge denied plaintiff's requests for appointment of counsel without prejudice.

Now, plaintiff has filed a letter in which she expresses her frustration with the denial of her

request for appointment of counsel, says that she will not be pursuing her case against

_____

        [1]This case was assigned to Magistrate Judge Crocker.  Because the parties have not
consented to his jurisdiction, I have assumed jurisdiction over the case for the purpose of
issuing this order.

1

defendant and asks the court to refund the $350 filing fee.

The court is not unsympathetic to plaintiff's situation.  This court would appoint a lawyer to almost every pro se plaintiff if lawyers were available to take these cases.  But they are not.  Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court cannot make them.  Pro se litigants often fail to realize that the court does not have the funds to pay the costs of representation in cases like this.  Congress has appropriated finds for court-appointed counsel in criminal cases but it has not appropriated any funds for court-appointed counsel in civil cases like this one.  Lawyers who accept appointments to represent pro se plaintiffs in civil cases can obtain compensation for their services only if they are successful and even then, the compensation may fall short of their time and effort.

Secondly, plaintiff has notified the court that she "will not be pursuing my suit against the town on La Pointe."  Because defendant has not yet filed an answer, plaintiff is free to dismiss her case voluntarily, without prejudice to her refiling the complaint at a later date.  Fed. R. Civ. P. 41(a)(1)(A); see also Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir. 1987)(Rule 41(a) "dismissal terminates the case all by itself").

Finally, plaintiff requests a refund of the $350 filing fee.  Unfortunately, as the name suggests, that fee is for filing the case.  The court is not authorized to refund it even if the case is dismissed at an early stage.

ORDER

Plaintiff''s notice of voluntary dismissal of this action is ACCEPTED and this case is DISMISSED without prejudice to plaintiff's filing a new lawsuit against defendant at a later time.  The clerk of court is directed to close the case.

Entered this 24th day of February, 2010.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3